# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| TAKAISHA HENDERSON, *Individually as* *Next of Kin and as Personal Representative* *of the estate of* IGNATIUS G. BROWN, *deceased*, 5106 59th Avenue Hyattsville, MD  20781<br><br>-and-<br><br>TERRELL BROWN 3567 Laurelview Court Laurel, MD  20724<br><br>-and-<br><br>SHAKIA HOLLEY 2809 Erie Street, SE, #B100, Washington, DC  20070<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>DISTRICT OF COLUMBIA 441 4th Street, NW, Suite 1110 Washington, DC  20001<br><br>　*Serve*:<br><br>　　Hon. Mayor Anthony Williams 　　c/o Tabatha Braxton 　　John A. Wilson Building 　　Suite 419 　　1350 Pennsylvania Avenue, N.W. 　　Washington, DC  20004<br><br>　　Robert J. Spagnoletti 　　c/o Nadine Wilburn 　　Office of the Attorney General 　　　for the District of Columbia 　　441 4th Street, N.W. 　　6th Floor South 　　Washington, DC  20001<br><br>-and- | CA No. |

|  | ) |
| --- | --- |
| EDWARD M. FORD | ) |
|     Metropolitan Police Department | ) |
|     Second District Station | ) |
|     3320 Idaho Ave., NW | ) |
|     Washington, DC 20016 | ) |
|  | ) |
|         Defendants. | ) |

## COMPLAINT

**COMES NOW** Plaintiff Takaisha Henderson ("Henderson"), individually as next of kin, and as Personal Representative of the Estate of Ignatius Gary Brown ("Ignatius Brown"), Plaintiff Terrell Brown and Plaintiff Shakia Holley ("Holley") by and through the undersigned counsel, and make this Complaint against Defendant District of Columbia ("D.C.") and Defendant Edward M. Ford ("Ford").

### Jurisdiction and Venue

1. Plaintiffs claims under 42 U.S.C. § 1983 and the U.S. Constitution give rise to "federal question" subject matter jurisdiction in this Court pursuant to 28 U.S. C. § 1331. This court also has subject matter jurisdiction of the § 1983 claim pursuant to 28 U.S.C. § 1343 ("Civil Rights and elective franchise" jurisdiction). Pursuant to 28 U.S.C. §1367, this Court has supplemental, and/or pendent subject matter jurisdiction over the remaining claims.

2. This Court's personal jurisdiction over Defendant D.C. is apparent.

3. The Court has personal jurisdiction over Defendant Ford insofar as he was employed by and within the District of Columbia, and performed the tortious actions and omissions at issue within the District of Columbia.

4. Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, insofar as (a) the District of

Columbia itself is a defendant in this litigation; (b) the events giving rise to this action took place exclusively in the District of Columbia; and (c) the District of Columbia is located in this federal judicial district.

5. Defendant D.C. was properly given notice of this claim pursuant to D.C. Code §12-309 on or about March 13, 2006.

**Parties**

6. Plaintiff Henderson is an adult resident of the State of Maryland, residing at 5106 59th Ave., Hyattsville, MD 20781. Plaintiff Henderson is bringing this action individually and as personal representative of the estate of Ignatius Brown.

7. Plaintiff Terrell Brown is an adult resident of the State of Maryland, residing at 3567 Laurelview Court, Laurel, MD 20724.

8. Plaintiff Holley is an adult resident of the District of Columbia, residing at 2809 Erie Street, SE, #B100, Washington, DC., 20070

9. Defendant D.C. is a municipality and a "person" subject to direct liability under 42 U.S.C. § 1983.  In addition, as the employer of the officer at issue in this action, Defendant D.C. was required by *inter alia* its own statues and/or regulations to provide adequate training and supervision to them with regard to the importance of strict adherence to Metropolitan Police Department regulations and general orders generally, and specifically with respect to the use of lethal force and drawing and discharging of weapons.  Under the doctrine of *respondeat superior* and/or governmental actor doctrines, Defendant D.C. is also legally responsible, *inter alia*, for the misconduct of members of the Metropolitan Police Department.

10. Defendant Ford is and was, at all times relevant hereto, a District of Columbia Metropolitan Police Department Officer.  Defendant Ford is sued in his

3

individual capacity, and was at all relevant times acting within the scope of his employment and/or agency with the District of Columbia.

### Factual Background

11. On February 22, 2006, at approximately 3 p.m. Defendant Ford was driving near West Virginia Avenue and Neal Street, NE.

12. Defendant Ford saw Ignatius Brown walking down the street and, suspecting him of a crime, pulled over to approach him.

13. Defendant Officer Ford got out of his car, asked a neighborhood resident to call 911 and approached Ignatius Brown.

14. Defendant Officer Ford pulled out his gun, pointed it at Ignatius Brown, and fired a shot into Ignatius Brown's chest.

15. Defendant Officer Ford did not give any verbal warning to Ignatius Brown prior to discharging his weapon.

16. Defendant Ford did not try non-lethal means prior to discharging his weapon.

17. At all times material hereto, Defendant Ford did not have an appropriate basis to use deadly force.

18. Ignatius Brown was unarmed at the time of the shooting.

19. On the same day, Ignatius Brown was taken to Washington Hospital Center where he died approximately half an hour later.

20. The actions of Defendant Ford were intentional, knowing, malicious and/or reckless and/or wanton and/or negligent and were committed in the course of his employment and/or agency with Defendant D.C. Metropolitan Police Department.

21.     Defendant D.C. Metropolitan Police Department requires officers to carry their service weapons at all times, even when "off-duty."

22.     Defendant Ford was acting "on-duty" in his capacity as a police officer.

23.     The use of deadly force, including the discharge of a firearm, by Metropolitan Police Officers is subject to specific regulation(s), and/or order(s) and/or standard(s).

24.     The shooting and killing of Ignatius Brown by Defendant Ford was in direct violation of any and all applicable regulation(s), and/or order(s) and/or standard(s).

25.     Defendant Ford was acting in the course of his employment with the Defendant D.C. as a Metropolitan Police officer and in furtherance of his employer's function. Defendant D.C. is therefore vicariously liable for all their acts or omissions under, *inter alia*, the doctrine of *respondeat superior*.

## COUNT I
### Negligence – Survival
**(Defendant D.C. and Defendant Ford)**

26.     Plaintiffs restate and reallege each and every allegation set forth above in this Complaint as if fully set forth herein.

27.     The survival action is brought by Plaintiff Henderson as personal representative of the estate of Ignatius Brown.

28.     At all times material hereto, Defendant Ford, acting within the course of his employment and/or agency with Defendant D.C., owed Ignatius Brown a duty to act in accordance with the then applicable duties, standard(s), order(s), regulation(s) and/or obligation(s) to protect Ignatius Brown from harm and further to refrain from the unjustified use of excessive force.

29. Defendant Ford was, at all material times, acting within the scope and authority of his employment with Defendant D.C.

30. In breach of this duty, Ignatius Brown suffered injuries as set forth herein.

31. As a proximate result of the negligent acts and/or omissions of Defendant Ford, acting within the course of his employment and/or agency with Defendant D.C., including but not limited to reckless, willful, wrongful and negligent use of excessive and/or lethal force and failure to protect the safety of Ignatius Brown, Ignatius Brown was shot and killed under circumstances where the use of lethal force by the officer was unjustified.

32. As a direct result of the negligent acts and/or omissions of Defendant Ford, acting within the course of his employment and/or agency with Defendant D.C., Ignatius Brown experienced extreme and horrific pain, suffering, discomfort, emotional distress, mental anguish, medical expenses and bodily injuries prior to his death. Ignatius Brown also suffered additional damages including lost wages.

33. The above injuries were caused solely and proximately by the negligence of Defendant Ford, acting within the course of his employment and/or agency with Defendant D.C., without any contributory negligence on the part of Plaintiffs or Ignatius Brown.

**COUNT II**
**Negligence - Wrongful Death**
**(Defendant D.C. and Defendant Officer Ford)**

34. Plaintiffs, individually as next of kin of Ignatius Brown, deceased, restate and reallege each and every allegation set forth above in this Complaint as if fully set forth herein.

35. The claim for wrongful death is brought by Plaintiff Henderson as daughter and next of kin of the decedent, Ignatius Brown, Plaintiff Terrell Brown as son and next of kin of the decedent, Ignatius Brown and Plaintiff Shakia Holley as daughter and next of kin of the decedent, Ignatius Brown

36. At all times material hereto, Defendant Ford, acting within the course of his employment and/or agency with Defendant D.C., owed Ignatius Brown a duty not to use excessive and/or lethal force in violation of any and all applicable regulation(s), order(s), and/or standard(s). Defendant Ford, acting within the course of his employment and/or agency with Defendant D.C., further owed Ignatius Brown a duty to protect him from harm, including not being shot and killed by the involved officer.

37. All actions of Defendant Ford as alleged herein, including the wrongful use of lethal force to kill Ignatius Brown, and/or failure to protect Ignatius Brown from the wrongful use of lethal force, were carried out within the scope and authority of his employment and or agency as employee of Defendant D.C.

38. Defendant Ford, acting within the course of his employment and/or agency with Defendant D.C., by willfully, knowingly, recklessly, wantonly and/or negligently disregarding and failing to adhere to applicable regulation(s), order(s) and/or standard(s), first in unjustifiably shooting and killing Ignatius Brown, and second in failing to protect Ignatius Brown from being shot and killed, exhibited reckless and

willful disregard for Ignatius Brown's life and/or safety, and was grossly negligent in breaching the duty of care he owed to Ignatius Brown.

39. As a proximate result of the negligent acts and/or omissions of Defendant Ford, acting within the course of his employment and/or agency with Defendant D.C., including, but not limited to, the reckless, willful, wrongful and negligent use of excessive and/or lethal force and failure to protect the safety of Ignatius Brown, Ignatius Brown was shot and killed under circumstances where the use of lethal force by the officer was unjustified.

40. As a direct result of the negligent acts and/or omissions of Defendant Ford, Plaintiffs have suffered damages including, but not limited to, a loss of services, care, companionship and support, as well as economic damages including, but not limited to financial support, gifts, funeral expenses and other contributions which Ignatius Brown would have provided had he lived.

41. The above injuries were caused solely and proximately by negligence of Defendant Ford, acting within the course of his employment and/or agency with the Defendant D.C., without any contributory negligence on the part of Plaintiffs or Ignatius Brown.

## COUNT III
### 42 U.S.C. § 1983 Deprivation of Fifth Amendment Rights
### Life, Safety, and Personal Security
### (Defendant D.C. and Defendant Ford)

42. Plaintiffs restate and reallege each and every allegation set forth above in this Complaint as if fully set forth herein.

43. This Count arises under 42 U.S.C. § 1983 and the Fifth Amendment to the United States Constitution, and is alleged against Defendants.

44. At all times relevant herein, Defendant Ford was acting within the scope and authority of his employment with Defendant D.C. and as such acted under the color of the laws of the District of Columbia.

45. At all relevant times, Ignatius Brown enjoyed the protections of the Fifth Amendment to the U.S. Constitution, prohibiting *inter alia* deprivation of the rights to life, liberty and personal security.

46. Through the subject incident, Defendants were subject to a constitutional obligation to take all reasonable measures to guarantee Ignatius Brown's safety and to protect him from harm.

47. Through the conduct of Defendant Ford, acting within the course of his employment and/or agency with Defendant D.C, by unjustifiably shooting and killing Ignatius Brown under the aforesaid circumstances, Defendants deprived Ignatius Brown of and/or acted with deliberate indifference to Ignatius Brown's Fifth Amendment rights by subjecting him to a known, substantial risk of serious harm and risk of death.

48. Defendants' above stated affirmative actions concerning the approval of and/or failure to protect Ignatius Brown from the unjustified shooting and/or actual use of excessive and/or deadly force resulting in the death of Ignatius Brown, constitutes misconduct that was unreasonable, reckless and outrageous, and in blatant violation of Ignatius Brown's established constitutional rights to be free from unwarranted deprivations of life, safety and personal security under the Fifth Amendment to the United States Constitution.

49. As a direct and proximate result of the foregoing misconduct, Ignatius Brown lost his life, and experienced extreme and horrific pain, suffering, discomfort,

emotional distress, mental anguish, medical expenses and bodily injuries prior to his death for which the Defendants are liable.

50. Because Defendant Ford's conduct reflects a reckless disregard for the deprivation of Ignatius Brown's due process rights to life, safety and personal security, Defendants are also liable for punitive damages.

### COUNT IV
### Civil Rights Violation under 42 U.S.C. § 1983 -
### Deliberate Indifference to Police Training, Supervision and Discipline
### (Defendant D.C. and Defendant Officer Ford)

51. Plaintiffs restate and reallege each and every allegation set forth above in this Complaint as if fully set forth herein.

52. This count arises under 42 U.S.C. § 1983, and is alleged against Defendants for the municipal and/or *de facto* policy of insufficient training, supervision and/or discipline of its police officers.

53. Defendant D.C. has long been on notice of a pattern of deficient selection, training, supervision and discipline of its police officers in general, and particularly with respect to the drawing and firing of their weapons, and the use of lethal force, such that armed officers have been hired with little or no background checks, officers have actually received acceptance letters to the police academy while in jail and/or officers have been hired with criminal records.

54. Ignatius Brown's death proximately resulted from a series of instances of police misconduct linked to, and arising from, a *de facto* District of Columbia policy of deficient selection of training, supervision and discipline sufficient to shock the conscience with respect to police officers, and the drawing and discharging of weapons, the protection of civilians and the use of lethal force.

55. In view of the foregoing, Defendant D.C.'s failure to improve, remedy, supplement or otherwise upgrade the training and supervision of police officers constitutes a deliberate indifference and/or a *de facto* policy on the part of Defendant D.C. with respect to the selection of, training, supervision and discipline of its police force in general, and particularly with respect to the drawing and firing of weapons and the use of lethal force by Defendant D.C.'s police officers.

56. In view of the foregoing, Defendant Ford's failure to improve, remedy, supplement, obey, or otherwise follow the training, whatever it may be, given to police officers by Defendant D.C. constitutes a deliberate indifference on the part of Defendant Ford with respect to the appropriate conduct of officers, and particularly with respect to the drawing and firing of weapons and the use of lethal force.

57. Defendant D.C.'s actual and/or *de facto* policy of deliberate indifference toward the selection of, training, supervision and discipline of its police force, and/or Defendant Ford's failure to follow policy, including in use of weapons and lethal force amounts to, and constitutes, a deliberate indifference to the constitutional rights of civilians such as Ignatius Brown, which rights include, but are not limited to, the clearly-established right not to be deprived of life without due process of law under the Fifth Amendment to the Constitution, and the right to be free from unwarranted searches and seizures under the Fourth Amendment to the Constitution.

58. Such deliberate indifference on the part of Defendant D.C. with respect to the selection of, training, supervision and discipline of its police force and in its officers' drawing and use of weapons and/or Defendant Ford's failure to obey or follow policies, including lethal force against civilians was a proximate cause of Ignatius Brown's death.

59.     As a proximate result of the afore-alleged wrongful selection of, training, supervision and/or discipline of the District officers, and Defendant Ford's failure to follow any policies that may have been put forth by Defendant D.C., Ignatius Brown was deprived of his right to life, without due process of law, and the afore-alleged deliberate indifference on the part of the Defendants constitutes a violation of Ignatius Brown's constitutional rights to be free from unwarranted searches and seizures, and not to be deprived of life without due process of law under the Constitution.

60.     As a proximate result of the foregoing deliberate indifference on the part of Defendants, Ignatius Brown was subjected to unwarranted searches and seizures, and was deprived of his life, liberty, and personal security, and suffered extreme, horrific pain and suffering and mental anguish.

**COUNT V**
**Excessive Force**
**(Defendant Ford and Defendant D.C.)**

61.     Plaintiffs restate and reallege each and every allegation set forth above in this Complaint as if fully set forth herein.

62.     The afore-alleged acts by Defendant Ford, acting within the course of his employment and/or agency with Defendant D.C., by willfully, wantonly and/or intentionally drawing his weapon, discharging his weapon and shooting and killing Ignatius Brown constituted the use of excessive force.

63.     As a direct result of the excessive force used by Defendant Ford, acting within the course of his employment and/or agency with the Defendant D.C., Ignatius Brown lost his life, and experienced extreme and horrific pain, suffering, discomfort,

emotional distress, mental anguish, medical expenses and bodily injuries prior to his death for which the Defendants are liable.

64. The above injuries were caused solely and proximately by negligence of Defendant Ford, acting within the course of his employment and/or agency with the Defendant D.C., without any contributory negligence on the part of Plaintiffs or Ignatius Brown.

**COUNT VI**
**Negligent Hiring**
**(Defendant D.C.)**

65. Plaintiffs restate and reallege each and every allegation set forth above in this Complaint as if fully set forth herein.

66. At all times herein, Defendant Ford was an employee of Defendant District of Columbia and was acting in the course and scope of his employment by Defendant D.C.

67. At the time he was hired as an employee, Defendant Ford was incompetent and unfit to perform the duties of a police officer in the District of Columbia Metropolitan Police Department.

68. At the time that Defendant Officer Ford was hired, Defendant D.C. knew or should have known that he was incompetent and unfit to perform the duties of a police officer.

69. At all times relevant hereto, Defendant Ford negligently performed his tasks as a police officer, including the excessive use of force in shooting and killing Ignatius Brown.

70. Defendant D.C. knew that, as a police officer, Defendant Ford would be given a lethal weapon and would be expected to perform the duties of a police officer, including protecting the life of citizens. Therefore, Defendant D.C. owed Plaintiffs and Ignatius Brown a duty to use reasonable care to select an employee who was competent and fit to perform the duties of a police officer.

71. Defendant D.C. breached the duty it owned to Plaintiffs and Ignatius Brown when it hired Defendant Ford.

72. As a direct and proximate result of Defendant D.C. act of negligently hiring Defendant Ford, Ignatius Brown and Plaintiffs suffered injuries as set forth herein.

73. The above injuries were caused solely and proximately by negligence of Defendants without any contributory negligence on the part of Plaintiffs or Ignatius Brown.

## COUNT VII
### Negligent Retention
### (Defendant D.C.)

74. Plaintiffs restate and reallege each and every allegation set forth above in this Complaint as if fully set forth herein.

75. At all times herein, Defendant Ford was an employee of Defendant District of Columbia and was acting in the course and scope of his employment by Defendant D.C.

76. On or about February 22, 2006, Defendant Ford was incompetent and unfit to perform the duties of a police officer.

77. Prior to and on or about February 22, 2006, Defendant D.C. knew or should have known that Defendant Officer Ford was incompetent to perform the duties of a police officer.

78. On or about February 22, 2006, while employed as a police officer by Defendant D.C., Defendant Ford negligently performed his duties as a police officer, including the use of excessive force which resulted in the death of Ignatius Brown.

79. Defendant D.C. knew that, as a police officer, Defendant Ford would be given possession of a lethal weapon and given the responsibility of protecting citizens.

80. Deceased Ignatius Brown was a citizen who would foreseeably come in contact with Defendant Ford. Therefore, Defendant D.C. owed Plaintiffs and Ignatius Brown a duty to use reasonable care to retain an employee who was competent and fit to perform the duties of a police officer.

81. Defendant Ford has had numerous run-ins with the law and complaints filed against him as a police officer. Therefore, Defendant D.C. breached the duty it owed to Plaintiffs and Ignatius Brown when it retained Defendant Ford as a police officer.

82. Defendant D.C.'s conduct towards Plaintiffs and Ignatius Brown was negligent and reckless.

83. As a direct and proximate result of Defendant D.C.'s act of negligently retaining Defendant Officer Ford, Plaintiffs and Ignatius Brown suffered injuries as set forth herein.

84. The above injuries were caused solely and proximately by negligence of Defendants, without any contributory negligence on the part of Plaintiffs or Ignatius Brown.

.

* * *

**WHEREFORE,** Plaintiffs, respectfully requests judgment against Defendant D.C. and Defendant Ford, in an amount to be determined at trial, but believed to be twenty million dollars ($20,000,000.00) in compensatory damages, thirty million dollars ($30,000,000.00) in punitive damages, plus costs of suit, attorneys fees, and such other and further relief as this Court deems just and proper.

Dated: May 19, 2006                                  RESPECTFULLY SUBMITTED,

_____
Wayne R. Cohen, #433629
Adam R. Leighton, #460184
COHEN & COHEN, P.C.
1717 K Street, N.W.
Suite 502
Washington, DC  20006
(202) 955-4529
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

Dated: May 19, 2006                                       RESPECTFULLY SUBMITTED,

_____
Wayne R. Cohen, #433629
Adam R. Leighton, #460184
COHEN & COHEN, P.C.
1717 K Street, NW
Suite 502
Washington, DC  20006
(202) 955-4529
Attorneys for Plaintiff