UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAKAISHA HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-00947 (HHK) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER STAYING DISCOVERY

Defendant District of Columbia,[1] through undersigned counsel, respectfully moves to stay these proceedings, or for a protective order staying discovery, until resolution of the pending criminal investigation of the incident underlying this lawsuit. The potential duration of the investigation presently is unknown. For that reason, the District of Columbia proposes to file a status report immediately after the conclusion of the criminal investigation.[2]

Grounds supporting this motion are set forth in the accompanying memorandum of points and authorities which is incorporated by reference.

>                             Respectfully submitted,
>
>                             ROBERT J. SPAGNOLETTI
>                             Attorney General for the District of Columbia

---

[1]  Defendant Ford has not been served in this case.
[2]  The need for a stay beyond the conclusion of the criminal investigation can be determined at that time.

>GEORGE C. VALENTINE
>Deputy Attorney General
>Civil Litigation Division
>
>_____
>Nicole L. Lynch  [471953]
>Section Chief
>General Litigation, Section II
>Civil Litigation Division
>
>_____
>Julie Lee [433292]
>Senior Assistant Attorney General
>General Litigation, Section II
>Civil Litigation Division
>441 Fourth Street, N.W., Sixth Floor South
>Washington, D.C. 20001
>(202) 724-6602; (202) 724-3625
>Julie.Lee@dc.gov

## LOCAL RULE 7(m) CERTIFICATE

Plaintiffs' had not responded to the Defendant's request for consent, made via phone message on the morning of this filing, before this motion was filed.

>_____
>Julie Lee
>Senior Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAKAISHA HENDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-00947 (HHK) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
DISTRICT OF COLUMBIA'S MOTION TO STAY PROCEEDINGS OR, IN THE
ALTERNATIVE, FOR A PROTECTIVE ORDER STAYING DISCOVERY

I.    INTRODUCTION

Plaintiffs allege numerous statutory and constitutional violations resulting from the February 22, 2006 lethal shooting of the decedent, Ignatius Brown, by an off-duty Metropolitan Police Department ("MPD") officer.

On June 27, 2006, this Court granted the District of Columbia an extension of time to respond to the complaint. Since that time, undersigned counsel discovered that a grand jury and the United States Attorney's office is conducting a criminal investigation of the shooting, *Exhibit #1, Affidavit of Ronald B. Harris*. At this time, the District of Columbia has not answered the complaint, and no scheduling order has been entered. Moreover, the Plaintiffs have not served the individual Defendant.

In light of the pending criminal investigation, the District of Columbia respectfully requests a stay of proceedings, or alternatively a stay of discovery, until resolution of the

criminal investigation. A stay would protect the Defendant police officer[3] from prejudice that could result from overlapping criminal and civil proceedings, prevent the necessity of the parties moving forward without having complete access to relevant information, prevent compromise of the criminal investigation, enhance judicial economy, and protect the public interest.

II.     ARGUMENT

"[A] court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders or conditions 'when the interests of justice seem to require such action.'" Securities and Exchange Comm'n v. Dresser Indus., Inc., 628 F.2d 1368, 1375-76 (D.C. Cir. 1980), quoting United States v. Kordel, 397 U.S. 1, 12 n.27 (1970) (alterations omitted). Generally, "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." Dresser, 628 F.2d at 1375-76.

Courts have recognized the severe prejudice to a defendant simultaneously facing related criminal and civil proceedings. If the pending civil action is not stayed, then those civil proceedings could well "undermine the party's Fifth Amendment privilege against self-incrimination, expand the rights of criminal discovery beyond the limits of [criminal procedure], expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case." Id. at 1376. "When a defendant has been indicted, his situation is particularly dangerous . . . for the risk to his liberty, the importance of safeguarding his constitutional rights, and even the strain on his resources and attention that makes defending

---

[3]     Although Defendant Ford is not represented by undersigned counsel in this matter as he has not been served, the Court may still consider his interest in a stay of this matter.

satellite civil litigation particularly difficult, all weigh in favor of his interest." Sterling Nat'l Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 577 (S.D.N.Y. 2001).

To prevent such prejudice, federal courts have stayed civil proceedings until the conclusion of overlapping criminal proceedings against the same defendant. See Doe v. City of Chicago, 360 F. Supp. 2d 880 (N.D. Ill. 2005) (granting stay where defendant officer criminally charged for misconduct arising out of the same events underlying plaintiff's civil lawsuit); Cruz v. County of DuPage, 1997 U.S. Dist. LEXIS 9220, No. 96 C 7170, 1997 WL 370194, at *4 (N.D. Ill. June 27, 1997) (granting stay of all discovery in a civil case against defendants "because there is a distinct possibility that the parallel proceedings would undercut the defendants' privileges against self-incrimination"); Volmar Distributors, Inc. v. New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993) (finding that defendants "have a real and immediate interest in staying discovery" because an indictment based on the same factual background was currently pending against them).

"The fact that an indictment has not yet been returned – while it may be a factor counseling against a stay of civil proceedings – does not make consideration of the stay motion any less appropriate." Brock v. Tulkow, 109 F.R.D. 116 (E.D.N.Y. 1985) (granting stay of discovery pending outcome of criminal investigation); see Jones v. City of Indianapolis, 216 F.R.D. 440, 451-52 (S.D. Ind. 2003) (finding a limited stay of discovery "reasonable and appropriate" to protect the defendant officers' Fifth Amendment rights in the event that pending criminal investigation later resulted in indictments); Walsh Securities, Inc. v. Cristo Property Mngmt., Ltd., 7 F. Supp. 2d 523, 529 (D.N.J. 1998) (although no criminal indictment yet returned, "the strong potential for an unjust result" warranted stay to prevent prejudice to defendants and to uphold their Fifth Amendment rights); Founding Church of Scientology v.

3

Kelley, 77 F.R.D. 378, 380 n. 4 (D.D.C. 1977) (noting that the appropriateness of a stay is not limited "only to persons after they become a 'defendant.'").

In determining whether to stay an action, this Court "must balance the competing interests of the parties." Ellsberg v. Mitchell, 353 F. Supp. 515, 517 (D.D.C. 1973), citing Landis v. North American Co., 299 U.S. 248, 254-55 (1935) and Dellinger v. Mitchell, 442 F.2d 782, 786, 787 (D.C. Cir. 1971). The issuance of a stay "would require not only a showing of 'need' in terms of protecting the other litigation involved but would also require a balanced finding that such need overrides the injury to the parties being stayed." Dellinger, 442 A.2d at 787. The initial burden is on the party applying for the stay "to demonstrate a need, however slight, which justifies a delay in the proceedings." Ellsberg, 353 F. Supp. at 517 (emphasis added).

In this case, a limited stay of proceedings is appropriate to prevent severe prejudice to defendants. Proceeding immediately with this civil action, while an active criminal investigation is nearing conclusion, would force the Defendant police officer into the difficult choice of waiving potential Fifth Amendment privileges or effectively forfeiting the civil suit. The District of Columbia is equally prejudiced because the District cannot mount an effective defense without its officer's cooperation and/or testimony. Under the terms of the 2001 Memorandum of Agreement between the U.S. Department of Justice and the District of Columbia (MOA), for example, the District cannot require an officer to speak about the incident if the U.S. Attorney's Office has not issued a written criminal declination. Thus, the District cannot interview the individual officer or complete its own internal investigation of the officers' alleged misconduct until at least the conclusion of the criminal investigation. See also Volmar Distributors, 152 F.R.D. at 40-42 (granting stay as to all defendants where stay appropriate as to two defendants

4

who were "central figures" in the case). The requested stay would also avoid unnecessary compromise of the criminal investigation resulting from untimely disclosure of sensitive information and documents.

Moreover, a stay has the potential to conserve the parties' resources and enhance judicial efficiency. If the U.S. Attorney's Office issues a letter of declination upon completion of its investigation, the MPD can promptly complete its own internal investigation, which must occur within ninety days thereafter. (See Exh. A, MOA ¶ 61, 74). Both the District of Columbia and the plaintiff would benefit from a completed internal investigation to guide these proceedings at the outset, especially with respect to discovery and the feasibility of early settlement discussions.

The public interest is one additional consideration that supports the issuance of a stay. Because this civil case is a private action for money damages, the public has no real stake in its outcome. Cf. Dresser, 628 F.2d at 1380 (finding public interest in protecting investors and securities markets was served by parallel SEC criminal and civil enforcement proceedings). Plaintiff makes no request for equitable relief or any allegation that the alleged harm is ongoing. The relevant public interest in the prosecution of those responsible for criminal misconduct is fully served by the ongoing criminal investigation. The pending civil action would not benefit that criminal investigation and even runs the risk of interfering with the investigation by, for example, discouraging reluctant witnesses to come forward. See Tuite v. Henry, 98 F.3d 1411, 1417 (D.C. Cir. 1996) (noting factor supporting law enforcement investigatory privilege is whether release of information would "discourage citizens from giving the government information"); Jones, 216 F.R.D. 440, 445-46 (upholding law enforcement investigatory privilege in civil rights action based on potential chilling effect on witnesses). Therefore, the public interest supports a stay in this case.

As a result of the balancing of all the interests involved, the District of Columbia submits that this action should be stayed until the United States Attorney's criminal investigation is completed. Even assuming that a stay of proceedings is not warranted, a sound exercise of this Court's discretion, alternatively, would be to enter a protective order staying discovery. See Gordon v. Federal Deposit Ins. Corp., 427 F.2d 578, 580 (D.C. Cir. 1970) (stating that, in light of a pending criminal investigation, "the fact the civil case is not stayed does not mean that discovery must proceed in the same way as ordinary civil litigation.") Once again, in addition to the authority to stay civil proceedings, a court is also authorized to "postpone civil discovery, or impose protective orders or conditions 'when the interests of justice seem to require such action.'" Dresser, 628 F.2d at 1375-76. For all the reasons stated in support of this motion, a protective order staying discovery would also be appropriate relief.

III. CONCLUSION

For the foregoing reasons, this Court should enter an order staying these proceedings or, alternatively, a protective order staying discovery.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    _____
    Nicole L. Lynch  [471953]
    Section Chief
    General Litigation, Section II
    Civil Litigation Division

_____
Julie Lee [433292]
Senior Assistant Attorney General
General Litigation, Section II
Civil Litigation Division
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6602; (202) 724-3625
Julie.Lee@dc.gov

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAKAISHA HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-00947 (HHK) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER**

Upon motion of the District of Columbia for a stay on the instant proceedings or, alternatively, for a protective order staying discovery, and in consideration of the entire record herein and for good cause shown, it is this ___ day of _____2006,

ORDERED, that defendant's motion is granted, and it is further

ORDERED, that this matter is stayed/no discovery shall take place except on order of this court; and it is further

ORDERED that the District of Columbia must file a status report immediately after the conclusion of the criminal investigation.

_____
Judge Henry K. Kennedy
District Court Judge

8