UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TAKAISHA HENDERSON, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>Defendant. | **Civil Action 06-00947 (HHK)** |

## SCHEDULING ORDER

Upon consideration of the parties' Rule 16.3(d) Report and the record of this case, it is hereby

**ORDERED** that this case shall proceed in accordance with the deadlines set forth in Appendix C and the directives set forth below:

1. Each party is limited to a maximum of five (5) depositions and 25 interrogatories

2. A status conference will be held **April 4, 2008, at 9:45 a.m.** at which time a pretrial conference and trial date will be selected. Counsel must be prepared at the status conference to advise the court of the expected length of trial and of the number of fact and expert witnesses that each party will present. Trial counsel must appear at all hearings, unless excused by the court in advance of the hearing date.

3. All pleadings and motions should indicate, immediately below the civil action number in the caption, the next-scheduled court event, such as a status conference, a pretrial conference, or a trial date. Pleadings and motions that do not contain such information will be, *sua sponte*, stricken from the record or denied without prejudice.

4. All pleadings and motions signed by an attorney shall, in conformity with Local Rule 106(e), contain the name, address, telephone number, and the attorney's bar identification number. All *pro se* party pleadings and motions shall contain their name, address and telephone number.

5. Motions that do not comply with Local Rule 7.1 (c) or (m) may be, *sua sponte*, denied. **If a motion is filed and consent for the relief sought has been obtained , the caption of the motion shall so indicate, e.g., "Plaintiff's Consent Motion for . . ."**

6. Motions for continuance shall indicate the date of the event sought to be continued, the date requested for the continuance, whether a previous continuance has been granted, and whether an extension will affect any other court deadlines or dates. The most recent scheduling order must also be attached to the motion. Failure to provide such information may result in denial of the motion. Except for good cause shown, motions for continuances shall be filed at least four (4) days prior to the date of the event sought to be continued.

7. All dates in this scheduling order are firm, may not be altered by the parties, and absent truly exceptional and compelling circumstances, will not be altered by the court.

8. Counsel are expected to evaluate their respective cases for settlement purposes. Submission to alternative dispute resolution, e.g., mediation or neutral evaluation is encouraged and available by request of the court at any time, as is a settlement conference before a magistrate judge. If the case settles in whole or in part, plaintiff's counsel shall advise the court by promptly filing a stipulation.

~~9. This case is referred for mediation to commence    Counsel, parties, and persons with settlement authority are directed to attend the mediation sessions. The Clerk of the Court is directed to furnish a copy of this scheduling order to the Circuit Executive for the purpose of assigning a mediator.~~

10. The parties do not consent to proceed before a magistrate judge for all purposes, including trial.

11. Counsel shall confer in good faith in an effort to resolve any discovery disputes before bringing the dispute to the court's attention. If after conferring, counsel are still unable to resolve their dispute, before filing a discovery motion, counsel shall arrange a telephone conference call with the court. **If a motion relating to a discovery dispute is subsequently filed and the court determines that good-faith efforts should have resulted in a**

**resolution of the matter without its intervention, sanctions will be imposed pursuant to Fed. R. Civ. P. 37.  Ordinarily, counsel will be required to pay the sanction and will be required to do so within fifteen days of its imposition.**

12.  Appendix B contains five (5) specific "guidelines" for the proper conduct of depositions under Fed. R. Civ. P. 30(d), prohibiting argumentative and suggestive objections, and requiring answers to all questions, regardless of objections except when necessary to preserve a privilege.  Violations of this rule will be sanctioned.

13.  There shall be a pretrial conference set at the status conference.  Three weeks in advance of the pretrial conference, counsel are required to meet and prepare a joint pretrial statement that is required to be submitted no less than eleven (11) days prior to the conference in accordance with Local Rule 16.5(d)(5) and 16.5(a)(2).  The joint pretrial statement form is attached hereto as Appendix A.  Separate pretrial statements will be struck, *sua sponte.*

14.  Motions for reconsideration should not exceed ten (10) pages.  Motions in excess of the 10-page limit will be struck, *sua sponte..*  The court assumes that counsel have made their best and most convincing arguments in their first round of briefing, and presumes that motions for reconsideration are simply a repetition and reframing of those original arguments.  "Only if the moving party presents *new facts* or a *clear error of law* which 'compel' a change in the court's ruling will the motion to reconsider be granted."

15.  Counsel are admonished to read the Circuit's opinion in *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et. al.,* 101 F.3d 145, 149-153 (D.C. Cir. 1996) (in upholding the trial court's implementation of the scheduling order entered at the beginning of the case and insisting on its reasonable observance during litigation, affirming the grant of summary judgment because of failures to comply with Local Rule 7.1(h).

16.  Counsel are not to communicate *ex parte* with Judge Kennedy's staff regarding this case.  In the event it is absolutely necessary, counsel are directed to arrange, at their expense, a telephone conference call between all parties, and any *pro se* party.   After counsel have arranged a telephone conference call between all parties and any *pro se party,* counsel are directed to contact Faith Lyles (202) 354-3350, Judge Kennedy's secretary, or Tanya Johnson (202) 354-3141, Judge Kennedy's courtroom clerk.

                              Henry H. Kennedy, Jr.
                              United States District Judge

APPENDIX A
(Joint Pretrial Statement Form)
*To be filed eleven (11) days prior to the pretrial conference*

    1. Parties and Counsel: Names, addresses, and telephone numbers of all parties and counsel on whose behalf this statement is filed.

    2. Nature of the Case: Give a brief statement describing the nature of the case, the identities of the parties, and the basis of the court's jurisdiction. The statement of the case should be sufficiently brief, clear, and non-argumentative to be suitable for reading to the jury.

    3. Claims and/or Defenses: Give a statement of claims setting forth, concisely, each party's claims against any other party (including counter-, cross-, and third-party claims) and the party or parties against whom the claim is made. The statement of defenses shall set forth each defense a party interposes to a claim asserted against it by any other party, including defenses raised by way of general denial, without regard to which party has the burden of persuasion.

    4. Undisputed Issues/Stipulations: List all issues not in dispute or facts to which the parties have stipulated.

    5. Witness Schedule: List the name, address, and telephone number of each witness scheduled to be called by a party, including rebuttal witnesses. The schedule shall also set forth a brief description of the testimony to be given by the witness, and an estimate of the time necessary for direct examination. Opinion witnesses shall be designated by an asterisk. Witnesses called for impeachment purposes only need not be listed. However, no party may call at trial any witness not listed (except for impeachment purposes) on their pretrial statement.

    6. Exhibit List: Describe each exhibit to be offered in evidence, with each exhibit identified by number, title, and date (if applicable). No exhibit will be admitted at trial unless it is listed on the pretrial statement. All exhibits listed will be deemed admitted at trial unless a specific objection is made in the joint pretrial statement. If there are objections to an exhibit in the joint pretrial statement, the exhibit should be produced at the pretrial conference for the court's review.

    7. Deposition Testimony: Identify each deposition or portion thereof (by page and line numbers) the party intends to offer in evidence. Any cross-designation sought by any other party must be made at or before the final pretrial conference.

      8. Relief Sought:  Set forth separately each element of damages and the monetary amount claimed, including prejudgment interest, punitive damages, and attorneys' fees.  Do not include amounts claimed for intangible damages.  Set forth all other types of relief sought against any party.

      9.  Pending Motions:  List all pending motions showing title and filing date.  List any motions to be decided at commencement of trial.

      10. A trial brief addressing any unusual issues of fact or evidence not already submitted to the court shall be filed with the pretrial statement.

      11.  Motion In Limine:   Motions in limine shall be filed with the court and served on opposing counsel no later than twenty (20) calendar days before the date of the pretrial conference; oppositions shall be due not later than fifteen (15) calendar days before the pretrial conference.  Counsel are to provide the court with hand-delivered courtesy copies of these submissions.

      12. Demonstrative Evidence, Physical Evidence,  Videotapes:   Describe all such items to be offered at trial.  Any objections must be made in the joint pretrial statement.

      13.  Jury Cases:  Submit a list of requested voir dire questions, showing those agreed upon and not agreed upon; submit a list of standard instructions showing those agreed upon and not agreed upon; submit a complete text of non-standard instructions with authorities relied upon; submit a text of verdict form, including any special interrogatories.  Submit diskette of all of the above.

      14.  Non-Jury Cases:  Submit detailed proposed findings of fact and conclusions of law with supporting authorities.  Submit diskette of all of the above.

      15.  Estimated Length of Trial:  List number of days and any scheduling problems with witnesses.

      16.  Miscellaneous Matters:   The following should be included after the signatures of counsel:

> *The foregoing Joint Pretrial Statement, as revised at the pretrial conference in the presence of counsel, shall stand as the pretrial order in this case.*

                                      Henry H. Kennedy, Jr.
                                      United States District Judge

## APPENDIX B
### (Deposition Guidelines)

    1. Counsel for the deponent shall refrain from gratuitous comments and directing the deponent in regard to times, dates, documents, testimony, and the like.

    2. Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection.

    3. Counsel shall refrain from directing the deponent not to answer any question submitted unless the question calls for privileged information.

    4. Counsel shall refrain from dialogue on the record during the course of the deposition.

    5. If counsel for any party or person given notice of the deposition believes that these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply to the court for an immediate ruling and remedy.  Where appropriate, sanctions will be imposed.

    6. All counsel are to conduct themselves in a civil, polite, and professional manner.  The court will not countenance incivility or other behavior during the deposition demonstrating that the examination is being conducted in bad faith or to simply annoy, embarrass, or oppress the deponent.

APPENDIX C
(Schedule of Deadlines)

| | |
|---|---|
| Defendants answers | July 1, 2007 |
| Discovery regarding scope of employment of defendant Edward Ford. | July 1 - November 1, 2007 |

The following discovery may take place: Interrogatories, document requests, depositions of defendant Ford, defendant DC, defendant Ford's girlfriend and the bystander that was asked to call 911. Any other depositions that the parties feel are necessary for the scope of employment issue only. Defendant D.C has agreed to produce the FIT report after a protective order is signed and general orders that are being relied on regarding scope of employment.

| | |
|---|---|
| Discovery cutoff for purposes of scope of employment of Edward Ford | November 1, 2007 |
| Defendant D.C.'s motion deadline re: scope of employment of Edward Ford | December 1, 2007 |
| Oppositions to defendant D.C.'s motion re: scope of employment of Edward Ford | January 2, 2008 |
| Plaintiff's expert designation | May 15, 2008 |
| Defendants' expert designation | June 15, 2008 |
| Requests for discovery cutoff | August 15, 2008 |
| Discovery cutoff | September 15, 2008 |
| Motions deadline | October 15, 2008 |
| Oppositions | 20 days later |