UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAKAISHA HENDERSON, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 06-00947 (HHK) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**DEFENDANT DISTRICT OF COLUMBIA'S
ANSWER TO THE COMPLAINT**

The Defendant District of Columbia ("the District"), by and through the Office of the Attorney General, hereby files its answers to the complaint in like numbered paragraphs.

**FIRST DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

1.      The District recognizes the existence of the statutory authority cited in paragraph 1, but denies that it necessarily confers jurisdiction over the District solely by reason thereof.

2.      Paragraph 2 contains legal conclusions and, therefore, no response is required.

3.      Paragraph 3 contains conclusions of law, and, therefore, no response is required.

4.      The District recognizes the existence of the statutory authority cited in paragraph 4, but denies that it necessarily confers venue over the District solely by reason thereof.

5.      Paragraph 5 contains legal conclusions and, therefore, no response is required.

## PARTIES

6.   The District has insufficient information to admit or deny the allegations contained in paragraph 6 of the Complaint.

7.   The District has insufficient information to admit or deny the allegations contained in paragraph 7 of the Complaint.

8.   The District has insufficient information to admit or deny the allegations contained in paragraph 8 of the Complaint.

9.   The District admits that the District is a municipality. Further, paragraph 9 contains conclusions of law and, therefore, no answer is required.

10.   The District admits that Edward Ford was a District of Columbia Police Department Officer and that Plaintiff has sued Officer Ford in his individual capacity. The District denies that Defendant Ford was acting within the scope of his employment and/or agency with the District of Columbia at the time of this incident.

## FACTUAL BACKGROUND

11.   The District has insufficient information to admit or deny the allegations contained in paragraph 11 of the complaint.

12.   The District has insufficient information to admit or deny the allegations contained in paragraph 12 of the complaint.

13.   The District has insufficient information to admit or deny the allegations contained in paragraph 13 of the complaint.

14.   The District has insufficient information to admit or deny the allegations contained in paragraph 14 of the complaint.

15.   The District has insufficient information to admit or deny the allegations

contained in paragraph 15 of the complaint.

16.     The District has insufficient information to admit or deny the allegations contained in paragraph 16 of the complaint.

17.     The District has insufficient information to admit or deny the allegations contained in paragraph 17 of the complaint.

18.     The District has insufficient information to admit or deny the allegations contained in paragraph 18 of the complaint.

19.     The District has insufficient information to admit or deny the allegations contained in paragraph 19 of the complaint.

20.     Paragraph 20 contains conclusions of law and, therefore, no answer is required. To the extent that an answer is required the District denies that Defendant Ford was acting within the scope of his employment and/or agency with the District of Columbia.

21.     Paragraph 21 contains conclusions of the pleader and, therefore, no answer is required.

22.     The District denies the allegations in paragraph 22 of the complaint.

23.     Paragraph 23 contains conclusions of law and, therefore, no answer is required.

24.     Paragraph 24 contains conclusions of law and, therefore, no answer is required.

25.     The District denies the allegations contained in paragraph 25 of the complaint.

### COUNT I
### Negligence - Survival
### (Defendant D.C. and Defendant Ford)

26.     The District incorporates its answers to paragraphs 1 through 25 as if separately set forth herein.

27.     Paragraph 27 contains conclusions of the pleader and, therefore, no answer is

required.

28.     The District denies that Defendant Ford was acting within the course of his employment and/or agency with the District. Further answering, paragraph 28 contains conclusions of law and of the pleader and, as such no answer is required.

29.     The District denies the allegations contained in paragraph 29 of the complaint.

30.     To the extent that the allegations in paragraph 30 are directed towards the District of Columbia, the District denies the allegations.

31.     To the extent that the allegations in paragraph 31 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District.

32.     To the extent that the allegations in paragraph 32 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District.

33.     To the extent that the allegations in paragraph 33 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District. The remaining allegations of paragraph 33 are conclusions of law and as such no answer is required.

## COUNT II
### Negligence – Wrongful Death
### (Defendant D.C. and Defendant Officer Ford)

34.     The District incorporates its answers to paragraphs 1 through 33 as if separately

set forth herein.

35.     The District has insufficient information to admit or deny the allegations contained in paragraph 35 of the Complaint.

36.     To the extent that the allegations in paragraph 36 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District. The remaining allegations of paragraph 36 are conclusions of law and as such no answer is required.

37.     To the extent that the allegations in paragraph 37 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District. The remaining allegations of paragraph 37 are conclusions of law and as such no answer is required.

38.     To the extent that the allegations in paragraph 38 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District. The remaining allegations of paragraph 38 are conclusions of law and as such no answer is required.

39.     To the extent that the allegations in paragraph 39 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District. The remaining allegations of paragraph 39 are conclusions of law and as such no answer is required.

40. Paragraph 40 does not pertain to the District and therefore no answer is required. To the extent that the allegations in paragraph 40 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District. The remaining allegations of paragraph 40 are conclusions of law and as such no answer is required.

41. To the extent that the allegations in paragraph 41 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District. The remaining allegations of paragraph 41 are conclusions of law and as such no answer is required.

**COUNT III**
**42 U.S.C. § 1983 Deprivation of Fifth Amendment Rights**
**Life, Safety, and Personal Security**
**(Defendant D.C. and Defendant Ford)**

42. The District incorporates its answers to paragraphs 1 through 41 as if separately set forth herein.

43. Paragraph 43 contains conclusions of law and, therefore, no answer is required.

44. The District denies the allegations contained in paragraph 44 of the complaint.

45. Paragraph 45 contains conclusions of law and, therefore, no answer is required.

46. Paragraph 46 contains conclusions of law and, therefore, no answer is required.

47. To the extent that the allegations in paragraph 47 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District. The remaining allegations of paragraph 47 are conclusions of law and as such

no answer is required.

48. To the extent that the allegations in paragraph 48 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District. The remaining allegations of paragraph 48 are conclusions of law and as such no answer is required.

49. To the extent that the allegations in paragraph 49 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District. The remaining allegations of paragraph 49 are conclusions of law and as such no answer is required.

50. To the extent that the allegations in paragraph 50 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District. The remaining allegations of paragraph 50 are conclusions of law and as such no answer is required.

**COUNT IV**
**Civil Rights Violation under 42 U.S.C. § 1983**
**Deliberate Indifference to Police Training, Supervision, and Discipline**
**(Defendant D.C. and Defendant Ford)**

51. The District incorporates its answers to paragraphs 1 through 50 as if separately set forth herein.

52. Paragraph 52 contains conclusions of law and, therefore, no answer is required.

53. The District denies the allegations contained in paragraph 53 of the complaint.

54. The District denies the allegations contained in paragraph 54 of the complaint.

55. The District denies the allegations contained in paragraph 55 of the complaint.

56. Paragraph 56 does not pertain to the District and therefore, no answer is required. To the extent that the allegations in paragraph 56 are directed towards the District of Columbia, the District denies the allegations.

57. The District denies the allegations contained in paragraph 57 of the complaint.

58. The District denies the allegations contained in paragraph 58 of the complaint.

59. The District denies the allegations contained in paragraph 59 of the complaint.

60. The District denies the allegations contained in paragraph 60 of the complaint.

## COUNT V
### Excessive Force
### (Defendant Ford and Defendant D.C.)

61. The District incorporates its answers to paragraphs 1 through 60 as if separately set forth herein.

62. To the extent that the allegations in paragraph 62 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District. The remaining allegations of paragraph 62 are conclusions of law and as such no answer is required.

63. To the extent that the allegations in paragraph 63 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District. The remaining allegations of paragraph 63 are conclusions of law and as such no answer is required.

8

64. To the extent that the allegations in paragraph 64 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District. The remaining allegations of paragraph 64 are conclusions of law and as such no answer is required.

## COUNT VI
### Negligent Hiring
### (Defendant D.C.)

65. The District incorporates its answers to paragraphs 1 through 64 as if separately set forth herein.

66. The District denies the allegations contained in paragraph 66 of the complaint.

67. The District denies the allegations contained in paragraph 67 of the complaint.

68. The District denies the allegations contained in paragraph 68 of the complaint.

69. To the extent that the allegations in paragraph 69 are directed towards the District of Columbia, the District denies the allegations. The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District. The remaining allegations of paragraph 69 are conclusions of law and as such no answer is required.

70. Paragraph 70 contains conclusions of law and, therefore, no answer is required.

71. Paragraph 71 contains conclusions of law and, therefore, no answer is required.

72. Paragraph 72 contains conclusions of law and, therefore, no answer is required.

73. Paragraph 73 contains conclusions of law and, therefore, no answer is required.

## COUNT VII
### Negligent Retention
### (Defendant D.C.)

74.    The District incorporates its answers to paragraphs 1 through 73 as if separately set forth herein.

75.    The District denies the allegations contained in paragraph 75 of the complaint.

76.    The District denies the allegations contained in paragraph 76 of the complaint.

77.    The District denies the allegations contained in paragraph 77 of the complaint.

78.    To the extent that the allegations in paragraph 78 are directed towards the District of Columbia, the District denies the allegations.  The District specifically denies that Defendant Ford was acting within the course of his employment and/or agency with the District.  The remaining allegations of paragraph 78 are conclusions of law and as such no answer is required.

79.    Paragraph 79 contains conclusions of law and, therefore, no answer is required.

80.    The first sentence of paragraph 80 contains conclusions of law and of the pleader and, therefore, no answer is required.  The District denies all other allegations contained in paragraph 73 of the complaint.

81.    The District has insufficient information to admit or deny the allegations contained in the first sentence of paragraph 81 of the complaint. The District denies the remaining allegations contained in paragraph 81 of the complaint.

82.    The District denies the allegations contained in paragraph 82 of the complaint.

83.    The District denies the allegations contained in paragraph 83 of the complaint.

84.    The District denies the allegations contained in paragraph 84 of the complaint.

### THIRD DEFENSE

The District denies all allegations of wrongdoing, including but not limited to violations of common law, statutory and operational standards, negligence, deliberate indifference, and unconstitutional policy or custom.

### FIFTH DEFENSE

If Plaintiffs were injured or damaged as alleged, such injuries were the result of decedent's own intentional, illegal or otherwise wrongful conduct.

### SIXTH DEFENSE

If Plaintiffs were injured and damaged as alleged in the complaint, such injuries and damages were the result of decedent's own sole or contributory negligence and/or his assumption of the risk.

### SEVENTH DEFENSE

If Plaintiffs were injured and damaged as alleged in the complaint, such injuries and damages were the result of a person or persons other than the District, its employees, agents and servants acting within the scope of their employment.

### EIGHTH DEFENSE

If Plaintiffs was injured or otherwise damaged as alleged in the complaint, such injuries and/or damages were the result of the plaintiffs' sole, joint, or concurring negligence with a person or persons other than the District, its agents, employees or servants acting within the scope of employment.

### NINTH DEFENSE

Plaintiffs may have failed to fully comply with the mandatory notice requirements of D. C. Code Section 12-309 (2001).

### TENTH DEFENSE

The District asserts immunity, qualified immunity, absence of bad faith and absence of gross negligence.

### ELEVENTH DEFENSE

The District denies that any of its policies, custom or practices caused a violation of Plaintiff's civil and/or constitutional rights.

### SET-OFF

Defendant District of Columbia claims a set-off for any debts Plaintiff owed to it and for any benefits it may have given or conferred upon Plaintiff, including, without limitation, unpaid taxes, health and hospital care, the cost of any care or treatment of Plaintiff rendered or paid for by the Defendant through any means, Medicare or Medicaid, AFDC, GPF or any other benefit.

### JURY DEMAND

The District hereby demands a trial by jury on all issues so triable.

    Respectfully submitted,

    LINDA SINGER
    Attorney General for the
    District of Columbia

    GEORGE VALENTINE
    Deputy Attorney General
    Civil Litigation Division

    /s/NICOLE L. LYNCH/S/_____
    NICOLE L. LYNCH [471953]
    Chief Civil Litigation Division Section II

/s/David A. Jackson/s/_____
DAVID A. JACKSON [471535]
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, NW, 6 South
Washington, D.C. 20001
Direct Line: (202) 724-6618
Facsimile: (202) 727-3625
E-mail: davida.jackson@dc.gov
