UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUN 2 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| TAKAISHA HENDERSON, *et al.*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-00947 (HHK) |
| ) | |
| DISTRICT OF COLUMBIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### PROTECTIVE ORDER

WHEREAS, this case arises out of the death of Ignatius Brown on or about February 22, 2006; and:

WHEREAS, this case involves litigation between Plaintiffs Takaisha Henderson, Individually as Next of kin and as Personal Representative of the Estate of Ignatius Brown, *et al.* and Defendants District of Columbia and Edward M. Ford and, involves discovery of information that one or more of the Parties considers confidential; and

WHEREAS, the Parties, during the course of discovery, will be requesting various documents, including but not limited to personnel records, non public investigation reports, e-mails, criminal records, medical and/or mental health records, etc., from the respective Defendant District of Columbia; and

WHEREAS, the Parties are in or may come into possession of these records, which contain confidential information relating to a party or an individual(s) who is not a party to this action; and

WHEREAS the Parties are willing to produce these records in unredacted form but recognizes the privacy issues associated with the release of these records; and

WHEREAS, the protection of such information will encourage full disclosure by the Parties and a full and fair resolution of the issues in this proceeding; and

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure Rules, the Court may order that discovery be provided "on such terms and conditions as are just."

IT IS ORDERED AS FOLLOWS:

ORDERED, that the Parties shall provide, subject to any objections or claims of privilege, to requesting counsel and all other counsel of record in this matter, or make available for inspection and copying to requesting counsel and all other counsel of record in this matter, any and all confidential records and documents which are responsive to a Party's discovery requests and which are otherwise discoverable; and it is

FURTHER ORDERED, that counsel for all Parties shall identify clearly all materials which that Party asserts are subject to the Privacy Act and subject to this protective order; and it is

FURTHER ORDERED, that information and documents produced hereunder shall be used, by counsel for the Parties, only as necessary to represent their clients' interests in this action and for no other purpose unless otherwise ordered by this Court or agreed to by opposing counsel(s) in writing. Moreover, confidential information and documents shall not be disclosed, discussed, shown, or revealed in any way by any counsel to any person other than members of his/her law firm or office, investigators, witnesses produced by the Parties, and experts retained by the Parties, if any. Each individual who is provided access to confidential information or documents produced hereunder, other than counsel of record for the Parties, must first execute a writing, stating that he or she has read this Order and agrees to abide by it. This includes witnesses and any retained experts. A copy of each such writing obtained by the Parties shall be retained by counsel during the pendency of the litigation; and it is.

FURTHER ORDERED, that personal information, such as home and business addresses and telephone numbers, dates of birth, social security number, etc., relating to any minor or civilian shall not be disclosed by counsel to their clients; and it is.

4

FURTHER ORDERED, that personal information pertaining to defendants and/or his/her family not relevant to this litigation shall not be disclosed pursuant to this order (The home address, telephone number, date of birth, social security number or any other identifying information relating of Edward M. Ford shall not be disclosed to any person, including Plaintiffs, without the written consent of counsel for Mr. Ford); and it is

FURTHER ORDERED, that nothing in this Order shall preclude any person from asserting, or prejudice any person who asserts, or be used against any person who asserts, the attorney-client privilege, a claim of work-product immunity, or any other applicable privilege or immunity as to any discovery material, including those discovery materials that have been inadvertently produced; and it is,

FURTHER ORDERED, that when this proceeding has concluded (whether by judgment or settlement) and the time (if any) for an appeal or appeals has expired, the Parties shall, within 60 days thereafter, (1) either destroy or gather and return to respective counsel for the Parties all existing confidential information and documents produced hereunder, or (2) serve on counsel for each Party a letter signed by counsel, certifying that to the best of his/her knowledge and belief, all existing confidential information and documents produced hereunder have been destroyed.

SO ORDERED.

6/26/07
DATED

Henry H. Kennedy
United States District Judge
District of Columbia

Copies to:

All Counsel of record via ECF