## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAKAISHA HENDERSON, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v.   : | Case No.: 1:06 CV 00947 |
| : | *Judge: Henry H. Kennedy* |
| DISTRICT OF COLUMBIA, et al., : | |
| : | |
| Defendants. : | |
| : | |

### **DEFENDANT EDWARD M. FORD'S ANSWER TO THE COMPLAINT**

COMES NOW, the Defendant, Edward M. Ford, by and through the undersigned Counsel, and answers the Complaint filed in the above-referenced matter with particularity and in like-numbered paragraphs as follows:

### **FIRST DEFENSE**

1. Defendant Ford recognizes the existence of the legal authority cited in paragraph number 1 of the Complaint, but denies that it necessarily confers jurisdiction over Defendant Ford solely by reason thereof.

2. The allegations contained within paragraph number 2 of the Complaint are the legal conclusions of the pleader to which no response is required by this defendant.

3. The allegations contained within paragraph number 3 of the Complaint are the legal conclusions of the pleader to which no response is required by this defendant.

4. Defendant Ford recognizes the existence of the legal authority cited in paragraph number 4 of the Complaint, but denies that it necessarily confers venue over Defendant Ford solely by reason thereof.

5. Defendant Ford lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 5 of the Complaint.

6. Defendant Ford lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 6 of the Complaint.

7. Defendant Ford lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 7 of the Complaint.

8. Defendant Ford lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 8 of the Complaint.

9. To the extent that the allegations in paragraph number 9 of the Complaint are directed toward Defendant Ford, Defendant Ford admits that the District of Columbia is a municipality. Further answering, the remaining allegations are the legal conclusions of the pleader to which no response is required by this defendant.

10. Defendant Ford admits the allegations set forth in paragraph number 10 of the Complaint.

11. Defendant Ford admits the allegations set forth in paragraph number 11 of the Complaint.

12. Defendant Ford admits the allegation set forth in paragraph number 12 of the Complaint that he saw Ignatius Brown walking down the street. Further answering, Defendant Ford admits that he approached Mr. Brown in reference to an arrest warrant.

13. Defendant Ford admits the allegations set forth in paragraph number 13 of the Complaint; however, Defendant Ford denies the order in which the allegations are presented in paragraph 13 of the Complaint.

14. Defendant Ford denies the allegations contained in paragraph number 14 of the Complaint.

15. Defendant Ford denies the allegations contained in paragraph number 15 of the Complaint.

16. Defendant Ford denies the allegations contained in paragraph number 16 of the Complaint.

17. The allegations contained within paragraph number 17 of the Complaint are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required, Defendant Ford denies these allegations and demands strict proof at trial.

18. Defendant Ford lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 18 of the Complaint.

19. Defendant Ford lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 19 of the Complaint.

20. The allegations contained within paragraph 20 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent that a response is required, Defendant Ford admits acting within the scope of his employment and/or agency with the District of Columbia. Defendant Ford denies the remaining allegations and demands strict proof at trial.

21. To the extent that paragraph number 21 is directed toward Defendant Ford, Defendant Ford admits the allegations in this paragraph provided that it is limited to the District of Columbia.

22.     Defendant Ford denies the allegation set forth in paragraph 22 of the Complaint that he was "on duty" at the time of the alleged occurrence on February 22, 2006.

23.     The allegations contained within paragraph number 23 of the Complaint are the legal conclusions of the pleader to which no response is required by this defendant.

24.     The allegations contained within paragraph number 24 of the Complaint are the legal conclusions of the pleader to which no response is required by this defendant.  To the extent a response is required, Defendant Ford denies the allegations and demands strict proof at trial.

25.     Defendant Ford admits the allegation set forth in paragraph 25 of the Complaint that he was taking police action at the time of the alleged occurrence on February 22, 2006.  The remaining allegations are the legal conclusions of the pleader to which no response is required by this defendant.

## COUNT 1
### Negligence – Survival
### (Defendant D.C. and Defendant Ford)

26.     The responses set forth in paragraphs 1-25 are incorporated herein by reference.

27.     No response is necessary to the averment set forth in paragraph number 27 of the Complaint.

28.     Defendant Ford denies the allegation in paragraph number 28 of the Complaint that he was unjustified in his use of force and that his force was excessive.  Defendant Ford admits acting within the course of his employment and/or agency with Defendant District of Columbia.  Further answering, the remaining allegations contained within paragraph number 28 of the Complaint are the legal conclusions of the pleader to which no response is required by this defendant.

29. Defendant Ford admits the allegations set forth in paragraph number 29 of the Complaint.

30. The allegations contained within paragraph number 30 of the Complaint are the legal conclusions of the pleader. To the extent a response is required, Defendant Ford denies these allegations and demands strict proof at trial.

31. The allegations contained within paragraph number 31 of the Complaint are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required, Defendant Ford admits acting within the course of employment and/or agency with Defendant District of Columbia. The remaining allegations are denied and Defendant Ford demands strict proof at trial.

32. The allegations contained within paragraph number 32 of the Complaint are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required, Defendant Ford admits acting within the course of employment and/or agency with Defendant District of Columbia. The remaining allegations are denied and Defendant Ford demands strict proof at trial.

33. The allegations contained within paragraph number 33 of the Complaint are the legal conclusions of the pleader to which no response is required by this defendant. To the extent a response is required, Defendant Ford admits acting within the course of employment and/or agency with Defendant District of Columbia. The remaining allegations are denied and Defendant Ford demands strict proof at trial.

**COUNT II**
**Negligence – Wrongful Death**
**(Defendant D.C. and Defendant Officer Ford)**

34.     The responses set forth in paragraphs 1-33 are incorporated herein by reference.

35.     Defendant Ford lacks sufficient knowledge or information to either admit or deny the allegations contained in paragraph number 35 of the Complaint.

36.     Defendant Ford admits the allegation set forth in paragraph number 36 of the Complaint that he was acting within the course of his employment and/or agency with Defendant District of Columbia while interacting with Ignatius Brown.  Further answering, the remaining allegations are the legal conclusions of the pleader to which no response is required by this defendant.

37.     Defendant Ford admits the allegation set forth in paragraph number 37 of the Complaint that all acts were carried out within the scope and authority of his employment.  Defendant Ford denies the remaining allegations and demands strict proof at trial.

38.     The allegations in paragraph number 38 of the Complaint are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, Defendant Ford admits acting within the course of his employment and/or agency with the Defendant District of Columbia.  The remaining allegations are denied and Defendant Ford demands strict proof at trial.

39.     The allegations in paragraph number 39 of the Complaint are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, Defendant Ford admits acting within the course of his employment and/or

agency with the Defendant District of Columbia. The remaining allegations are denied and Defendant Ford demands strict proof at trial.

40. Defendant Ford denies the allegation in paragraph number 40 of the Complaint that his actions were negligent as he was acting within the course of his employment and/or agency with Defendant District of Columbia. Further answering, Defendant Ford lacks sufficient knowledge or information to either admit or deny the remaining allegations. To the extent a response is required, Defendant Ford denies these allegations and demands strict proof at trial.

41. Defendant Ford denies the allegation in paragraph number 41 of the Complaint that his actions were negligent. Defendant Ford admits acting within the course of his employment and/or agency with Defendant District of Columbia. The remaining are the legal conclusions of the pleader to which no response is required by this defendant.

### COUNT III
### 42 U.S.C. § 1983 Deprivation of Fifth Amendment Rights
### Life, Safety, and Personal Security
### (Defendant D.C. and Defendant Ford)

42. The responses set forth in paragraphs 1-41 are incorporated herein by reference.

43. No response is required to the averments contained in paragraph number 43 of the Complaint as they are the legal conclusions of the pleader.

44. Defendant Ford admits the allegations set forth in paragraph number 44 of the Complaint.

45. The allegations in paragraph number 45 of the Complaint are the legal conclusions of the pleader to which no response is required by this defendant.

46. The allegations in paragraph number 46 of the Complaint are the legal conclusions of the pleader to which no response is required by this defendant.

47. Defendant Ford admits the allegation set forth in paragraph number 47 of the Complaint that he was acting within the course of his employment and/or agency with Defendant District of Columbia. Further answering, Defendant Ford denies the remaining allegations and demands strict proof at trial.

48. The allegations in paragraph number 48 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendant Ford admits that his actions were within the course of his employment and/or agency with Defendant District of Columbia. Defendant Ford denies the remaining allegations and demands strict proof at trial.

49. Defendant Ford admits the allegation in paragraph number 49 of the Complaint that he was acting within the course of his employment and/or agency with Defendant District of Columbia. Defendant Ford denies the remaining allegations and demands strict proof at trial.

50. The allegations in paragraph number 50 of the Complaint are the legal conclusions of the pleader to which no response is required. To the extent a response is required, Defendant Ford admits that his actions were within the course of his employment and/or agency with Defendant District of Columbia. Defendant Ford denies the remaining allegations and demands strict proof at trial.

### COUNT IV
### Civil Rights Violation under 42 U.S.C. § 1983
### Deliberate Indifference to Police Training, Supervision and Discipline
### (Defendant D.C. and Defendant Officer Ford)

51. The responses set forth in paragraphs 1-50 are incorporated herein by reference.

52. No response is required to the allegations contained within paragraph number 52 of the Complaint as they contain the legal conclusions of the pleader.

8

53.     To the extent the allegations in paragraph 53 of the Complaint are directed towards Defendant Ford, Defendant Ford denies the allegations and demands strict proof at trial.

54.     To the extent the allegations in paragraph 54 of the Complaint are directed toward Defendant Ford, Defendant Ford denies the allegations and demands strict proof at trial.

55.     To the extent the allegations in paragraph 55 of the Complaint are directed toward Defendant Ford, Defendant Ford denies the allegations and demands strict proof at trial.

56.     Defendant Ford denies the allegations set forth in paragraph number 56 of the Complaint.

57.     The allegations contained in paragraph number 57 of the Complaint are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, Defendant Ford denies these allegations and demands strict proof at trial.

58.     The allegations contained in paragraph number 58 of the Complaint are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, defendant Ford denies these allegations and demands strict proof at trial.

59.     The allegations contained in paragraph number 59 of the Complaint are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, Defendant Ford denies these allegations and demands strict proof at trial.

60.     The allegations contained in paragraph number 60 of the Complaint are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, Defendant Ford denies these allegations and demands strict proof at trial.

### COUNT V
### Excessive Force
### (Defendant Ford and Defendant D.C.)

61.     The responses set forth in paragraphs 1-60 are incorporated herein by reference.

62.     Defendant Ford admits the allegation in paragraph number 62 of the Complaint that he was acting within the course of his employment and/or agency with Defendant District of Columbia.  Defendant Ford denies the remaining allegations and demands strict proof at trial.

63.     Defendant Ford admits the allegation in paragraph number 63 of the Complaint that he was acting within the course of his employment and/or agency with Defendant District of Columbia.  Defendant Ford denies the remaining allegations and demands strict proof at trial.

64.     The allegations contained in paragraph number 64 of the Complaint are the legal conclusions of the pleader to which no response is required.  To the extent a response is required, Defendant Ford admits the allegation that he was acting within the course of his employment and/or agency with Defendant District of Columbia.  Defendant Ford denies the remaining allegations and demands strict proof at trial.

### COUNT VI
### Negligent Hiring
### (Defendant D.C.)

65.     The responses set forth in paragraphs 1-64 are incorporated herein by reference.

66 – 73.     The allegations in paragraphs 66 through 73 of the Complaint do not pertain to Defendant Ford as Count VI is not a cause of action against Defendant Ford; therefore, no answer is required.

Further answering, Defendant Ford admits that all his actions were within the course of his employment and/or agency with Defendant District of Columbia. Defendant Ford denies all allegations of wrongdoing, intentional or otherwise, not specifically admitted to or otherwise answered.

**COUNT VII**
**Negligent Retention**
**(Defendant D.C.)**

74.     The responses set forth in paragraphs 1-73 are incorporated herein by reference.

75 – 84.  The allegations in paragraphs 75 through 84 of the Complaint do not pertain to Defendant Ford as Count VII is not a cause of action against Defendant Ford; therefore, no answer is required.

Further answering, Defendant Ford admits that all his actions were within the course of his employment and/or agency with Defendant District of Columbia. Defendant Ford denies all allegations of wrongdoing, intentional or otherwise, not specifically admitted to or otherwise answered.

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiffs cannot prove facts sufficient to maintain a constitutional cause of action against defendant Ford pursuant to 42 U.S.C. § 1983, *et seq*.

**FOURTH DEFENSE**

Defendant Ford's actions were within the scope of his employment, and were reasonably necessary to effect, maintain and enforce the laws of the United States of America and/or the District of Columbia.

**FIFTH DEFENSE**

Defendant Ford's actions were within the scope of his employment, were taken in good faith and with a reasonable belief in their lawfulness, and/or the actions taken by Defendant Ford were the result of privilege.

**SIXTH DEFENSE**

Defendant Ford is entitled to qualified immunity.

**SEVENTH DEFENSE**

Defendant Ford's actions complied with all applicable laws, were not negligent, and met or exceeded all applicable standards of care.

**EIGHTH DEFENSE**

If Mr. Brown was injured and died as alleged in the Complaint, his injury and/or death was the result of his own intentional, illegal or otherwise wrongful conduct.

**NINTH DEFENSE**

If Mr. Brown was injured and died as alleged in the Complaint, his injury and/or death was the result of his own sole or contributory negligence and/or his assumption of the risk.

**TENTH DEFENSE**

Plaintiffs may have failed to mitigate their damages.

**ELEVENTH DEFENSE**

Defendant Ford's actions are justified.

**TWELFTH DEFENSE**

The Doctrine of Clean Hands is applicable.

### THIRTEENTH DEFENSE

Punitive damages do not lie in this matter.

### JURY TRIAL DEMAND

Defendant Ford demands a trial by a jury on all triable issues.

Defendant Ford reserves the right to amend this Answer pursuant to Federal Rule of Civil Procedure 15.

WHEREFORE, having fully answered the Complaint referenced herein, Defendant Ford urges the Court to dismiss the Complaint with prejudice and award costs and attorney's fees to Defendant Ford.

Respectfully submitted,

/s/   James W. Pressler, Jr.   /s/
James W. Pressler, Jr. [221051]
Patrick G. Senftle [412191]
Three McPherson Square
927 15th Street, N.W.
Twelfth Floor
Washington, D.C. 20005
(202) 822-8384 – Phone
(202) 331-7587 – Facsimile
jpressler@presslerpc.com
psenftle@presslerpc.com